UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY VERDUGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. ASHELY COHEN; et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 06-4083 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Tony Verdugo, who was in custody at Napa State Hospital when he filed this action and is now in custody at the Santa Clara County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Verdugo alleges in his complaint that two attorneys and a psychologist told and wrote lies of an unidentified nature and, as a result, Verdugo was forced into an unidentified program. Some of the lies may have been made in court.

The court cannot understand enough of Verdugo's complaint to determine whether any of his constitutional rights may have been violated. The relief requested in the complaint suggests that the claims pertain to an ongoing state criminal case, as Verdugo asks this court to review his last court hearing, to send him back to county jail, "to charge those people who lied about me in court," and to provide "the right representation by an attorney." Complaint, pp. 3-4. If a criminal case is pending against Verdugo in state court, the claims he may assert at this time are limited.

First, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). The rationale of Younger also applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. See Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." Younger, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention). Nothing in the complaint suggests there are extraordinary circumstances requiring this court's interference in state court criminal proceedings.

Second, to the extent Verdugo wants to assert a claim that defendants' activities precluded a fair trial or interfered with any of his constitutional rights necessary to his criminal trial, the damages claim is premature under the Heck rule. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. See id. at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed. Any claim that fair trial rights were or will be compromised by defendants' actions would necessarily implicate the validity of an existing or any future conviction. See, e.g., Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002), cert. denied, 538 U.S. 1047 (2003) (prisoner's 6th Amendment claim of denial of access to counsel while a pretrial detainee barred by Heck because claim would necessarily imply invalidity of subsequent conviction); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000). Heck applies to claims that necessarily implicate the validity of pending criminal charges, so those claims will be dismissed without prejudice to a plaintiff filing an action if and when he ever has the conviction set aside or the criminal case terminates in his favor by acquittal or otherwise.

Third, state court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Alternate defenders, who handle cases when the public defender is not available, also would not be acting under color of state law. Even if Verdugo has any claims against the lawyers that are not barred by Heck and as to which Younger abstention is not required, he must bear in mind that Polk

County precludes the § 1983 claims that his attorney did not adequately represent him in his criminal case.

Verdugo must file an amended complaint that sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). For each instance of a constitutional violation, Verdugo should name each person who violated his constitutional right(s), describe what each person did to violate his right(s), state where the violation occurred, and when the violation occurred. To state the obvious: Verdugo has no chance of obtaining any relief in this court if this court cannot even understand what relief he wants and why he wants it.

**CONCLUSION**

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **December 15, 2006**. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Failure to timely file the amended complaint will result in the dismissal of this action.

The clerk will mail a copy of this order to Verdugo at Napa State Hospital as well as at the Elmwood Correctional Facility of the Santa Clara County Jail, as it appears he is occasionally moved between those two facilities.

IT IS SO ORDERED.

Dated: November 7, 2006                    _____
                                            SUSAN ILLSTON
                                            United States District Judge